UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**BETH P. GESNER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-4288** |

August 20, 2012

Brian Douglas Bennett
Law Offices of Terziu & Bennett
2211 Eastern Boulevard
Baltimore, MD 21220

Alex S. Gordon, Assistant United States Attorney
Office of the United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, MD 21201

Subject: Timothy Francis Slowik v. Commissioner of Social Security
Civil Action No.: BPG-11-1698

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 8, 10), are Cross-Motions for Summary Judgment (ECF Nos. 16, 21) concerning the Commissioner's decision denying plaintiff Timothy Francis Slowik's claim for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income Benefits ("SSI"). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); see Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). No hearing is deemed necessary. Loc. R. 105.6. For the reasons noted below, defendant's Motion (ECF No. 21) is GRANTED and plaintiff's Motion (ECF No. 16) is DENIED.

**I.     Background**

On October 23, 2007, plaintiff filed his claim for DIB and SSI, alleging disability due to hypertension, obesity, anxiety and depression, mercury poisoning, carpal tunnel syndrome ("CTS"), and back pain. (R. at 16.) His claim was denied initially, and upon reconsideration. (R. at 83-95.) After a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a decision denying plaintiff's claims. (R. at 11-24.) The Appeals Council then denied plaintiff's request for review, making the ALJ's decision final and reviewable. (R. at 4-10.)

The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2005, and that he was insured during the pertinent time period. Further, the ALJ determined that plaintiff had a severe combination of impairments, including CTS, cervical radiculopathy with back pain, hypertension, obesity, and generalized anxiety disorder. (R. at 16.) The ALJ found that plaintiff's depression and mercury poisoning were not severe, however, because they did not cause limitations relevant to his work. The plaintiff's impairments, according to the ALJ, did not meet or equal any Listing. (R. at 16-18.) The ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform a range of light exertional work with several limitations stemming from his impairments. (R. at 19.) Based on those findings, the record, and the testimony of the vocational expert ("VE"), the ALJ found

<u>Timothy Francis Slowik v. Commissioner of Social Security</u>
Civil Action No.: BPG-11-1698
August 20, 2012
Page 2

that plaintiff could not perform his past relevant work as an auto mechanic, but that he could perform other jobs available in the national economy. (R. at 22-23.) The ALJ, accordingly, found that plaintiff was not disabled. (R. at 22-23.)

## II.    <u>Discussion</u>

Plaintiff challenges the ALJ's RFC finding and decision on two very limited grounds. First, plaintiff claims the ALJ erred by not giving controlling weight under the treating physician rule to Susan Sullivan, a Certified Registered Nurse Practitioner. (ECF No. 16 at 6-7.) Second, plaintiff claims the ALJ erred by relying on a hypothetical question he posed to the Vocational Expert ("VE") that did not include all of plaintiff's limitations. (<u>Id.</u> at 7-10.) On this second argument, plaintiff appears to argue that since the ALJ asked the VE a hypothetical that included additional limitations, which the ALJ rejected, that the ALJ was somehow obligated to accept the more limiting hypothetical.[1]

Plaintiff's first argument must fail because Ms. Sullivan is not an acceptable medical source under the regulations and, therefore, the ALJ was not required to give her opinion controlling weight under the treating physician rule. In determining whether a claimant is disabled, the regulations require that the agency evaluate every medical opinion it receives in a claimant's case. 20 C.F.R. § 404.1526(c). The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s)." <u>Id.</u> §§ 404.1527(a)(2), 416.927(a)(2). Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. <u>See</u> <u>id.</u> §§ 404.1513(a), 416.913(a). Nurse practitioners are not acceptable medical sources; rather, they are "other sources." <u>Id.</u> § 404.1513(d). Accordingly, their opinions are not entitled to controlling weight. <u>Richardson v. Astrue</u>, No. SKG-10-614, 2011 WL 3880406, at *8 (D. Md. Aug. 31, 2011). The agency has recognized, however, that opinions from medical sources like nurse practitioners "are important and should be evaluated on key issues such as severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006).

Here, the ALJ clearly performed the required analysis and sufficiently explained the weight that he gave to Ms. Sullivan's opinion. <u>See</u> <u>id</u>. The ALJ noted that Ms. Sullivan's opinion that plaintiff could perform less than a full range of sedentary work deserved little weight because her "recommendations were not explained or justified and were not otherwise

---

[1] Plaintiff states that "he does not take issue with any other finding by the ALJ" except that plaintiff complains, without argument or explanation, that the ALJ did not consider a later onset date for plaintiff. (ECF No. 16 at 5-6.) This argument has no merit, however, because the ALJ found that the plaintiff was not disabled at any time.

consistent with the overall medical evidence of record, or the entire evidence of record as a whole." (R. at 22.) A review of Ms. Sullivan's opinion supports this conclusion. Ms. Sullivan did not perform any diagnostic tests or treatment on plaintiff. (R. at 226.) She offers no explanation for the suggested limitations on her check-box form opinion (R. at 226-29), which opinions this court has recognized are afforded less weight than opinions that contain explanations of their findings. See Carter v. Astrue, No. CBD-10-1882, 2011 WL 3273060, at *7-8 (D. Md. July 27, 2011) (citing authority); Nazelrod v. Astrue, No. BPG-09-0636, 2010 WL 3038093, at *5 (D. Md. Aug. 2, 2010) (citing authority). Further, Ms. Sullivan, at the time she issued her form opinion, had treated the plaintiff only once and had no history of treatment of the plaintiff. (R. at 226.) It should also be noted that Ms. Sullivan noted that plaintiff's current condition would not exist in the absence of substance abuse (R. at 228) which, as defendant notes, further undercuts Ms. Sullivan's unsupported findings of disability. (ECF No. 21-1 at 12.) Finally, there were at least three doctors who were acceptable medical sources and examined plaintiff or reviewed his records and noted that plaintiff's limitations were not as extensive as those noted by Ms. Sullivan. (R. at 210-11) (Dr. Rahnama's October 9, 2007 report noting severe substance abuse but no major physical complaints); (R. at 232-35) (Dr. Young's January 28, 2008 consultative examination which ALJ gave great weight, R. at 22); (R. at 238-45) (Dr. Serpick's February 11, 2008 Physical Residual Functional Capacity Assessment that plaintiff could perform a range of light work). For the foregoing reasons, the ALJ did not err by giving little weight to the opinion of plaintiff's nurse practitioner, Ms. Sullivan.

Plaintiff's second argument similarly fails. Plaintiff appears to suggest that the ALJ should have adopted all of the VE's answers to the ALJ's hypothetical questions, even when those questions concerned limitations that were not included in plaintiff's RFC and were not supported by the medical evidence. (ECF No. 16 at 7-10.) Plaintiff does not discuss any medical evidence supporting his argument but rather, argues that the ALJ should have accepted certain limitations merely because he asked the VE about those limitations. (Id.) An ALJ may rely on VE testimony to determine whether a claimant can perform work that exists in the national economy. 20 C.F.R. §§ 404.1566, 416.966(e). The ALJ has "great latitude in posing hypothetical questions." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000) (citing authority). The ALJ, however, need only pose those hypotheticals that are based upon substantial evidence and accurately reflect a claimant's limitations and may reject VE testimony that is based on work-related limitations that are not supported by the record. Id.

Although the ALJ here posed several hypothetical questions to the VE, only one of those questions, the one the ALJ incorporated in his RFC findings, was based on the credible limitations plaintiff had which were supported by the medical and other evidence in this case. Specifically, the question the ALJ asked the VE was whether an individual limited to light work with occasional postural abilities; no ability to climb ladders, ropes, or scaffolding; diminished sensation in his hands limiting him to no more than frequent fingering or handling; and a limitation to unskilled, simple, routine work with only occasional interaction with others, could

perform jobs available in the national economy.  (R. at 358-59.)  This question mirrors the limitations noted in the RFC found and explained by the ALJ.  (R. at 19-22.)  The VE offered three jobs as examples of the type of work a person with these limitations could perform: security clerk, unskilled machine tender, and folding machine operator.  (R. at 359-60.)  Plaintiff has offered no argument, case law citation, or support in the record as to why other limitations the ALJ asked the VE about were applicable in this case.  The mere fact that the ALJ asked a question does not mean that the ALJ is bound by the limitations in that question.  The ALJ is not required to accept work related limitations that are not supported by the record.  <u>Mickles v. Shalala</u>, 29 F.3d 918, 929 n. 7 (4th Cir. 1994); <u>France</u>, 87 F. Supp. 2d at 490.  As detailed in defendant's Motion (ECF No. 21 at 14-16), there is no support in the record for the additional limitations offered by plaintiff and the ALJ was not required to include those limitations in his RFC findings.

### III.     Conclusion

In sum, substantial evidence supports the ALJ's decision in this case.  Accordingly, defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED and plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge